# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CINDY LOUTHAN, Ed.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| NEWMAN UNIVERSITY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Cindy Louthan, Ed.D. through counsel Donald N. Peterson, II and Sean McGivern of Graybill & Hazlewood, LLC, states and alleges as follows for her cause of action against Defendant Newman University as follows:

1. Plaintiff Cindy Louthan, Ed.D. (Louthan) is a resident of the state of Kansas.

2. Defendant Newman University, Inc. (Newman) owns and operates Newman University in Wichita, Kansas.

3. Newman receives federal funding for its educational programs.

4. Subject matter jurisdiction is established as Louthan seeks redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq.

5. Personal jurisdiction and venue are proper in this Court because the acts and omissions complained of occurred in this Judicial District.

6. Louthan has exhausted administrative remedies.

7. In 2014, Newman hired Louthan as an assistant professor in its education department.

8. Max Frazier, Ph.D. (Frazier) is a professor in the education department at Newman.

9. During Louthan's employment at Newman, Frazier demonstrated an attitude of hostility towards women.

10. For example, Frazier sent belligerent emails to female faculty, Frazier had outbursts against female faculty, Frazier greeted male faculty but not female faculty, and Frazier addressed Louthan as "Cindy" while calling others "doctor."

11. In May 2017, Frazier was appointed Interim Dean of the department of education.

12. After Frazier was appointed Interim Dean, he told someone on the other end of a phone call that he would be "taking care of Louthan next year," referring to the 2017-2018 year.

13. On December 18, 2017, Frazier issued a performance improvement plan (PIP) to Louthan.

14. Before the PIP was issued, Louthan had not received written or verbal warnings regarding her performance.

15. The PIP contains false and derogatory information.

16. For example, the PIP asserts that Louthan failed to complete the admission process for some new students in the Teacher Education Program by the time that classes started in fall 2017.

17. The students that Frazier complained about were admitted to Newman the day before classes began, and it would have been impossible for Louthan to get the students admitted to the education program in a timely manner.

18. The PIP asserts that Louthan gave "incorrect or inappropriate" advice to students. Frazier provided no specific information about the "incorrect or inappropriate" advice, and Louthan has never heard from the alleged students about the improper advice she supposedly gave.

19. The PIP falsely asserts that Louthan referred to herself as a "peon" in a meeting with USD 259 personnel.

20. On December 19, 2017, Louthan assembled the eight faculty members from Newman's education department to discuss Frazier's pattern of discrimination against and harassment of women. Newman HR attended the meeting.

21. Later that day, Louthan received an email from Kimberly McDowell Long, Ph.D., the Provost of Newman, stating Long was "deeply troubled" by Louthan's behavior.

22. Per the PIP, Frazier was to meet with Louthan and review her performance on February 26, 2018.

23. Frazier cancelled the meeting because he was busy and falsely suggested that he intended to reschedule the meeting for March 7, 2018.

24. On March 1, 2018, Long notified Louthan that her contract was not being renewed for the 2018-2019 academic year.

25. The nonrenewal letter gave no grounds for separation and is not subject to appeal.

26. Newman discriminated against Louthan on the basis of her gender.

27. Newman retaliated against Louthan for engaging in activities protected by Title VII and Title IX.

28. Louthan has been damaged by Newman's illegal conduct.

WHEREFORE, Plaintiff Cindy Louthan prays that judgment be entered in her favor, and against Defendant Newman University, Inc., for damages in excess of $75,000.00, representing economic losses, noneconomic losses, compensatory damages, general damages, punitive damages, plus attorneys fees and costs, and all other relief that the Court deems just and equitable.

**Plaintiff Cindy Louthan demands trial by jury.**

**Plaintiff Cindy Louthan designates Wichita, Kansas, as the place of trial.**

Dated: June 22, 2018.

                GRAYBILL & HAZLEWOOD, LLC

                /s/ Sean McGivern
                Donald N. Peterson, #13805
                Sean M. McGivern, #22932
                218 N. Mosley St.
                Wichita, KS 67202
                Telephone: (316) 266-4058
                Fax: (316) 462-5566
                sean@graybillhazlewood.com
                *ATTORNEYS FOR PLAINTIFF*