INSTRUCTION NO. _____

The following facts are undisputed and should accept them as true and accurate:

(1)     Plaintiff Cindy Louthan, Ed. D. resides in the state of Kansas.

(2)     Defendant Newman University, Inc. owns and operates Newman University in Wichita, Kansas.

(3)     Newman University receives federal funding for its education programs and is, accordingly, subject to Title IX of the EDUCATION AMENDMENTS ACT OF 1972, 20 U.S.C. §1681 *et seq.*

(4)     At all times relevant to the allegations in this lawsuit, Neman University had a Faculty Handbook, Employee Handbook, and Human Resources policies and procedures.

(5)     In 2014, Newman employed Dr. Louthan as a non-tenured Assistant Professor of Elementary Education in its School of Education.

(6)     Newman and Dr. Louthan entered into annual employment contracts for each academic year with no guarantee of renewal by either party.

(7)     Max Frazier, Ed. D., is a Professor of Secondary Education in Newman's School of Education.

(8)     Kimberly Long, Ph. D. is Newman's Provost.   As Provost, Dr. Long has supervisory authority over Newman University's faculty.

(9)     Jennifer Gantz is the Vice President of Administration at Newman University.   In that role, she oversees the human resources function of Newman University.

<span style="color:red">Exhibit A</span>

(10)     In the summer of 2017, Dr. Long appointed Dr. Frazier as Interim Director of Newman's School of Education.

(11)     As Interim Director, Dr. Frazier became Dr. Louthan's immediate supervisor in her employment with Newman University.

(12)     On December 11, 2017, Dr. Louthan met with Newman's Benefits Coordinator Katie Link who is a member of Newman Human Resources Department.  During this meeting, Dr. Louthan accused Dr. Frazier of discriminating against her due to her gender.  Ms. Link made private notes of this meeting and emailed them to her personal email account.

(13)     On December 18, 2017, Dr. Frazier issued a Performance Improvement Plan to Dr. Louthan.

(14)     In response to Dr. Frazier's Performance Improvement Plan, Dr. Louthan telephoned Dr. Long's office to schedule a meeting with Dr. Long to discuss Dr. Frazier's plan. Dr. Long refused to meet with Dr. Louthan without Dr. Frazier present.  Dr. Louthan scheduled a meeting with Dr. Long and Dr. Frazier for the afternoon of December 19, 2017.

(15)     Dr. Louthan organized a meeting for the morning of December 19, 2017, at Newman and invited some members of the School of Education faculty.

(16)     Dr. Louthan also invited Jennifer Gantz, Newman's Vice-President of Finance and Administration who was then the Acting Director of Human Resources and Katie Link to the December 19, 2017 meeting.  Ms. Link took notes of the meeting.

(17)     During the December 19, 2017, meeting, Dr. Louthan and others made complaints about Dr. Frazier including allegations of gender discrimination.

(18)     At the conclusion of the meeting, Jennifer Gantz told the participants that Dr. Long "has Title IX" and she would relay their complaints to Dr. Long.

(19)     Ms. Gantz and Ms. Link met with Dr. Long following the December 19 meeting and informed Dr. Long of the allegations made at the meeting.

(20)     Dr. Long decided that Dr. Louthan should direct her allegations of gender discrimination to Newman's Title IX Coordinator.

(21)     Jennifer Gantz sent an email to Dr. Louthan advising her to submit her complaint of gender discrimination to the university's Title IX Coordinator, Case Bell.

(22)     Kim Long sent an email to Dr. Louthan expressing her disappointment over the meeting, rejecting the request to remove the Performance Improvement Plan from Dr. Louthan's file and to remove Dr. Frazier as Interim Director, and advising Dr. Louthan to submit her complaint of gender discrimination to the university's Title IX Coordinator.

(23)     Dr. Louthan never made a complaint about gender discrimination to Newman's Title IX Coordinator.

(24)     Newman never investigated Dr. Louthan's complaints of gender discrimination.

(25)     Dr. Long made the decision not to renew Dr. Louthan's employment contract in February 2018.

INSTRUCTION NO. _____

It is unlawful for an employer to discriminate intentionally against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's sex or to retaliate against an employee for opposing unlawful employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and, when the employer is an educational institution receiving federal assistance, Title IX of the Education Amendments Act of 1972.

Plaintiff Cindy Louthan, Ed. D., claims defendant Newman University, Inc. intentionally discriminated against her because of her sex by placing her on a performance improvement plan and by not renewing her annual employment contract.

Plaintiff Cindy Louthan, Ed. D., also claims that defendant Newman University, Inc. retaliated against her for her opposition to unlawful employment practices by not renewing her annual employment contract.

Defendant Newman University, Inc. denies these claims.

It is your responsibility to decide whether plaintiff Cindy Louthan, Ed. D. has proven her claims of intentional sex discrimination and retaliation by defendant Newman University, Inc., by a preponderance of the evidence.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:1 (6th ed., Aug. 2019 update) (modified); 3C Fed. Jury Prac. & Instr. § 177:20 cmt. (6th ed., Aug. 2019 update); id., § 177:24 cmt.

INSTRUCTION NO. _____

In order for plaintiff Cindy Louthan, Ed. D. to establish plaintiff's sex discrimination claim against defendant Newman University, Inc., plaintiff has the burden of proving by a preponderance of the evidence that defendant's actions were motivated by plaintiff's sex.

Plaintiff Cindy Louthan, Ed. D. must prove defendant Newman University, Inc., intentionally discriminated against plaintiff, that is, plaintiff's sex must be proven to have been a motivating factor in defendant's decision to place her on a performance improvement plan or not to renew plaintiff's annual employment contract.

The mere fact Plaintiff Cindy Louthan, Ed. D. is female and was placed on a performance improvement plan or her annual employment contract was not renewed is not sufficient, in and of itself, to establish plaintiff's claim under the law.

In showing that plaintiff's sex was a motivating factor, plaintiff Cindy Louthan, Ed. D. is not required to prove that plaintiff's sex was the sole motivation or even the primary motivation for defendant's decision. Plaintiff Cindy Louthan, Ed. D. need only prove that sex played a motivating part in defendant's decision, even though other factors may also have motivated defendant Newman University, Inc.

*Source*:   3C FED. JURY PRACT. & INSTR., §171:20 (6th ed., Aug. 2019 update) (modified).

PLAINTIFF'S PROPOSED INSTRUCTION NO. _____

Plaintiff Cindy Louthan, Ed.D. must show defendant intentionally discriminated against her.  Plaintiff, however, is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts.

3C Fed. Jury Prac. & Instr. § 171:26 (6th ed.)

**Defendant objects to this instruction because it is redundant and potentially confusing in trying to make a distinction between direct evidence and inferences.**

DEFENDANT'S PROPOSED INSTRUCTION NO. _____

Plaintiff Cindy Louthan, Ed. D. claims Defendant Newman University, Inc., retaliated against her because she opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments Act of 1972.

In order to prevail on these claims, Plaintiff Cindy Louthan, Ed. D. must show all the following:

*First*:    Plaintiff Cindy Louthan, Ed. D. engaged in conduct protected by Title VII of the Civil Rights Act of 1964;

*Second*:    Plaintiff Cindy Louthan, Ed. D. was subjected to a materially adverse employment action in Newman University's decision not to renew her annual employment contract; and

*Third*:    But for plaintiff Cindy Louthan, Ed. D.'s protected conduct, Newman University, Inc., would have renewed her annual employment contract after the 2017-18 academic year.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:25 (6th ed., Aug. 2019 update) (modified).


**There is a dispute between the parties whether to use this proposed instruction regarding retaliation, or the one that follows on the next page.  Plaintiff objects to Defendant's proposed instruction because it contains too many unnecessary legalisms and is confusing.**

PLAINTIFF'S PROPOSED INSTRUCTION NO. __

Your verdict must be for plaintiff Cindy Louthan Ed.D., and against defendant Newman University, Inc., on plaintiff's claim of retaliation if all the following elements have been proved:

*First*, the plaintiff complained to the defendant that Dr. Frazier discriminated against women; and

*Second*, the plaintiff reasonably believed that she was and/or others were being discriminated against on the basis of sex; and

*Third,* the defendant non-renewed the plaintiff's annual employment contract; and

*Fourth*, the defendant would not have non-renewed plaintiff's contract but-for her complaint of sex discrimination.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.

"But-for" does not require that the plaintiff's complaint of discrimination was the only reason for the decision made by the defendant.

You may find the defendant would not have discharged the plaintiff "but-for" plaintiff's complaint of discrimination if it has been proved that the defendant's stated reason(s) for its decision are not the real reason(s), but are a pretext to hide retaliation.

8th Circuit Model Civil Jury Instructions § 10.41 (2019) ("Elements of Claim: Retaliation for Opposition to Harassment or Discrimination") (modified).

**Defendant objects to this proposed instruction due to its directive language in the first paragraph and its redundant statements.  The pattern instruction proposed by defendant is clear as to the elements of plaintiff's retaliation claim.**

INSTRUCTION NO. _____

An employee's right to oppose unlawful employment practices must be balanced against the employer's need to have a stable and productive work environment.  Protected "opposition" broadly includes the many ways in which an individual may communicate explicitly or implicitly opposition to perceived employment discrimination. The manner of opposition must be reasonable and must be based on a reasonable, good faith belief that the conduct opposed is, or could become, unlawful.  An employer may discipline or discharge an employee who engages in unreasonable conduct in opposing unlawful employment practices.

*Source*:   EEOC Enforcement Guidelines on Retaliation and Related Issues, Notice No. 915.004, Sec. II(A)(2)(b) (Aug. 25, 2016).

**Plaintiff Cindy Louthan, Ed.D., objects to the last sentence of this instruction because it mischaracterizes the law and is not drawn from the guidance document.**

**Defendant proposes the last sentence because the statement is, to defendant's counsel's understanding, an accurate statement and is consistent with the statement's in the EEOC Enforcement Guidelines which state:  "Opposition to perceived discrimination also does not serve as license for the employee to neglect job duties. If an employee's protests render the employee ineffective in the job, the retaliation provisions do not immunize the employee from appropriate discipline or discharge."**

INSTRUCTION NO. _____

The dispositive fact you must decide, on plaintiff's sex discrimination claim, is whether plaintiff Cindy Louthan, Ed. D. has proven by a preponderance of the evidence that plaintiff's sex was a motivating or determining factor in defendant's decisions to place her on a performance improvement plan or not to renew her annual employment contract.

The dispositive fact you must decide on plaintiff's retaliation claim is whether plaintiff Cindy Louthan, Ed. D. has proven by a preponderance of the evidence that Newman University would have renewed plaintiff's employment contract but for plaintiff's reasonable opposition to unlawful employment practices.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:28 (6th ed., Aug. 2019 update) (modified).

DEFENDANT'S PROPOSED INSTRUCTION NO. _____

Plaintiff Cindy Louthan, Ed. D. has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Cindy Louthan, Ed. D. has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Newman University, Inc.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:60 (6th ed., Aug. 2019 update).

**PLAINTIFF contends this instruction should be parsed out because there are two claims – discrimination and retaliation.**


PLAINTIFF'S PROPOSED INSTRUCTION NO. _____

Regarding both of her claims (sex discrimination and retaliation), Plaintiff Cindy Louthan, Ed. D. has the burden of proving each and every element of each claim by a preponderance of the evidence.

If you find that plaintiff Cindy Louthan, Ed.D. has proven the elements of either of her claims by a preponderance of the evidence, you are to find for her on such claim or claims.

If you find that plaintiff Cindy Louthan, Ed. D. has not proved any one of the elements on either claim by a preponderance of the evidence, you must return a verdict for defendant Newman University, Inc. on such claims.

Source:  3C FED. JURY PRACT. & INSTR., §171:60 (6th ed., Aug. 2019 update).

**DEFENDANT objects to the proposed instruction as unnecessarily confusing and redundant.**

INSTRUCTION NO. _____

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:61 (6th ed., Aug. 2019 update)).

INSTRUCTION NO. _____

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:62 (6th ed., Aug. 2019 update).

INSTRUCTION NO. _____

If, after considering the evidence, you find plaintiff Cindy Louthan, Ed. D. has established each and every element of her claim or claims, only then should you concern yourselves with the defenses offered by defendant Newman University, Inc.

With regard to any of defendant's defenses, remember that plaintiff Cindy Louthan, Ed. D. must disprove the defense by a preponderance of the evidence. In other words, defendant Newman University, Inc., establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.

If you find plaintiff Cindy Louthan, Ed. D. has successfully rebutted the defense, then you must find for plaintiff.  Otherwise, you must find for defendant Newman University, Inc.

*Source*:  3C Fed. Jury Pract. & Instr., §171:70 (6th ed., Aug. 2019 update).

INSTRUCTION NO. _____

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether defendant's stated reason for its actions was a pretext for discrimination or retaliation, you may not question defendant's business judgment. Pretext is not established just because you disagree with the business judgment of defendant Newman University, Inc., unless you find that defendant's reason was a pretext for discrimination or retaliation.

A plaintiff shows pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's stated reasons for its action that you could rationally find them unworthy of belief and hence infer that the defendant did not act for the asserted nondiscriminatory reasons.

*Source*:   3C FED. JURY PRACT. & INSTR., §171:75 (6th ed., Aug. 2019 update); *Swackhammer v. Sprint/United Management Co.*, 493 F.3d 1160, 1168 (10th Cir. 2007).

INSTRUCTION NO. _____

You must also consider the legitimate, nondiscriminatory reasons or explanations stated by defendant Newman University, Inc., for its decision to place plaintiff on a performance improvement plan and not to renew plaintiff's annual employment contract.

Specifically, Newman University, Inc. contends that it placed Dr. Louthan on a performance improvement plan due to her unsatisfactory performance as an employee and did not renew plaintiff's annual employment contract due to her failure to comply with her performance improvement plan and her insubordination in seeking the dismissal of her supervisor.

Because the defendant has stated legitimate, nondiscriminatory reasons or explanations for its decision, you must decide in favor of defendant Newman University, Inc., unless plaintiff Cindy Louthan, Ed. D. proves by a preponderance of the evidence that the stated reasons were not the true reasons but were only a pretext, or excuse, for defendant's discrimination or retaliation against plaintiff.

*Source*:  3C Fed. Jury Pract. & Instr., §171:77 (6th ed., Aug. 2019 update) (modified).

INSTRUCTION NO. _____

If you find defendant Newman University, Inc., discriminated against plaintiff Cindy Louthan, Ed. D. based on plaintiff's sex or retaliated against plaintiff because of her participation in opposition to an unlawful employment practice, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries plaintiff Cindy Louthan, Ed. D. proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

BACK PAY DAMAGES

You may award as actual damages an amount that reasonably compensates plaintiff Cindy Louthan, Ed.D., for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, plaintiff would have received had plaintiff not been discriminated against. You must reduce any award by the amount of expenses plaintiff Cindy Louthan, Ed.D., would have incurred in making those earnings.

COMPENSATORY DAMAGES.

You may award damages for any pain, suffering, or mental anguish that plaintiff Cindy Louthan, Ed. D. experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

NOMINAL DAMAGES.

If you find in favor of plaintiff Cindy Louthan, Ed. D., but you find plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that plaintiff Cindy Louthan, Ed. D. prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

*Source*:   3C FED. JURY PRACT. & INSTR., §§171:90-93 (6th ed., Aug. 2019 update) (modified).

**Defendant objects to the inclusion of backpay in the instructions and the verdict form as those are questions for the court unless the court decides to submit for an advisory verdict.**

INSTRUCTION NO. _____

Plaintiff Cindy Louthan, Ed. D. claims the acts of defendant Newman University, Inc. were done with malice or reckless indifference to the plaintiff's federally protected rights so as to entitle her to an award of punitive damages in addition to compensatory damages.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for plaintiff Cindy Louthan, Ed. D., and then further find from a preponderance of the evidence:

*First*:   That a higher management official of defendant Newman University, Inc. personally acted with malice or reckless indifference to plaintiff's federally protected rights, and

*Second*:   That defendant Newman University, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against defendant Newman University, Inc. you may consider the financial resources of defendant Newman University, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.      The impact or severity of defendant's conduct.

2.      The amount of time defendant conducted itself in this manner.

3.      The amount of compensatory damages.

4.      The potential profits defendant may have made from defendant's conduct.

5.      The attitudes and actions of defendant's top management after the misconduct was discovered.

6.      The effect of the damages award on defendant's financial condition.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.

*Source*:  3C FED. JURY PRACT. & INSTR., §171:94 (6th ed., Aug. 2019 update).

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

CINDY LOUTHAN, Ed. D.,            ]
                                  ]
              Plaintiff,          ]
                                  ]
    -vs-                          ]          Case No. 6:18-CV-01180
                                  ]
NEWMAN UNIVERSITY, INC.,          ]
                                  ]
              Defendant.          ]
_____ ]

## **VERDICT**

We, the jury, present the following answers to the questions submitted by the court:

<u>Sex Discrimination – Performance Improvement Plan</u>

1.      Do you find from a preponderance of the evidence that plaintiff Cindy Louthan, Ed. D. suffered a materially adverse employment event as a result of defendant Newman University, Inc.'s decision to place her on a performance improvement plan?

Yes __ No __

- If you answered "Yes" to Question No. 1, proceed to Question No. 2.

- If you answered "No" to Question No. 1, then proceed to Question No. 3.

2.      Do you find from a preponderance of the evidence that plaintiff's sex was a motivating factor that prompted defendant Newman University, Inc., to place plaintiff on a performance improvement plan?

Yes __ No __

- Proceed to Question No. 3.

<u>Sex Discrimination – Nonrenewal of Annual Contract</u>

3.      Do you find from a preponderance of the evidence that plaintiff's sex was a motivating factor that prompted defendant Newman University, Inc. not to renew plaintiff's annual employment contract?

Yes ___ No ___

- Proceed to Question No. 4.

<u>Retaliation – Nonrenewal of Annual Contract</u>

4.      Do you find from a preponderance of the evidence that Newman University, Inc. would have renewed plaintiff's annual employment contract but for plaintiff's opposition to unlawful employment practices?

Yes ___ No ___

- If you answered "No" to Question Nos. 1 or 2, Question No. 3, AND Question No. 4, then proceed to Question No. 7.
- If you answered "Yes" to Question Nos. 1 and 2 or Question No. 3 or Question No. 4, proceed to Question No. 5.

<u>Damages</u>

5.      Do you find from a preponderance of the evidence that plaintiff Cindy Louthan, Ed.D., should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Yes ___ No ___

If your answer is "Yes," in what amount? $_____.

6.      Do you find from a preponderance of the evidence that plaintiff Cindy Louthan, Ed. D. should be awarded compensatory damages for her losses?

Yes __ No __

If your answer is "Yes," in what amount? $_____.

7.      Do you find from a preponderance of the evidence that plaintiff Cindy Louthan, Ed. D. should be awarded punitive damages to punish defendant for its unlawful conduct?

Yes __ No __

If your answer is "Yes," in what amount? $_____.

8.      Agreement on each of the above questions was unanimous?

Yes __ No __

_____
Presiding Juror

*Source*:  3C FED. JURY PRACT. & INSTR., §§171.100-171.102 (6th ed., Aug. 2019 update) (modified).

**Defendant objects to the inclusion of backpay in the instructions and the verdict form.**