

FILED
U.S. District Court
District of Kansas

JAN 1 3 2020

Clerk, U.S. District Court
By J Roth Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINDY LOUTHAN, Ed.D.,

       Plaintiff,

v.                                           Case No. 18-1180-JWB

NEWMAN UNIVERSITY, INC.,

       Defendant.

**JURY INSTRUCTIONS**

INSTRUCTION NO.  1.

Members of the Jury:

Now that you have heard all the evidence, it becomes my duty to give you the instructions concerning the law applicable to this case.  In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

INSTRUCTION NO.  2.

It is unlawful for an employer to discriminate intentionally against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's sex, or to retaliate against an employee for opposing unlawful employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and, when the employer is an educational institution receiving federal assistance, Title IX of the Education Amendments Act of 1972.

Plaintiff Cindy Louthan, Ed. D., claims Defendant Newman University, Inc. intentionally discriminated against her because of her sex by placing her on a performance improvement plan and by not renewing her annual employment contract. I will refer to this as Plaintiff's "sex discrimination claim."

Plaintiff also claims that Defendant retaliated against her for her opposition to unlawful employment practices by not renewing her annual employment contract.  I will refer to this as Plaintiff's "retaliation claim."

Defendant Newman University, Inc. denies these claims.

It is your responsibility to decide whether Plaintiff has proven her claims of intentional sex discrimination and retaliation by Defendant by a preponderance of the evidence.

INSTRUCTION NO.  3.

Burden of proof means burden of persuasion.  A party who has the burden of proof must persuade you that its claim is more probably true than not true, i.e. by a preponderance of the evidence.  To prove that something is more likely true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together--that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness.  If the evidence on an issue is equally balanced, then the party having the burden to establish that issue must fail.

In deciding whether this burden has been met, you must consider all of the evidence, whether presented by Plaintiff or Defendant.

INSTRUCTION NO. <u>4.</u>

You must consider and decide each of Plaintiff's two claims separately. Plaintiff has the burden of proving each and every element of her claims by a preponderance of the evidence.  If you find that Plaintiff has proven all of the elements of a claim, you must find for Plaintiff as to that claim.  If you find that Plaintiff has failed to prove all the elements of a claim, you must find for Defendant as to that claim.

INSTRUCTION NO.  5.

In order for Plaintiff to establish her sex discrimination claim against Defendant, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant took a tangible employment action against Plaintiff and that such action was motivated by Plaintiff's sex.

In order to prevail on this claim, Plaintiff must prove Defendant intentionally discriminated against her, that is, Plaintiff's sex must be proven to have been a motivating factor in Defendant's decision to take a tangible employment action.

The mere fact that Plaintiff is female and was placed on a performance improvement plan or her annual employment contract was not renewed is not sufficient, in and of itself, to establish Plaintiff's sex discrimination claim under the law.

A "tangible employment action" is a significant negative change in employment status.  It includes firing, failing to promote, or a decision causing a significant change in benefits.  It may include disadvantageous assignments or unwarranted negative job evaluations.  It does not include minor disruptions, petty slights, or minor annoyances that do not affect employment status.  The parties agree that Defendant's non-renewal of Plaintiff's employment contract is a tangible employment action.  The parties dispute whether placing Plaintiff on a performance improvement plan constitutes a tangible employment action.

The term "motivating factor" means a consideration that moved Defendant towards Defendant's decision. In showing that Plaintiff's sex was a motivating factor, Plaintiff is not required to prove that her sex was the sole motivation or even the primary motivation for Defendant's decision. Plaintiff need only prove that sex played a motivating part in Defendant's

decision, even though other factors may also have motivated Defendant.

To prove her sex discrimination claim, Plaintiff is not necessarily required to produce direct evidence of intentional discrimination.  Intentional discrimination may be proven either by direct evidence or by establishing facts and circumstances that reasonably imply intentional discrimination.

INSTRUCTION NO. 6.

In order for Plaintiff to establish her retaliation claim against Defendant, Plaintiff must show each of the following essential elements by a preponderance of the evidence:

*First*, Plaintiff engaged in conduct protected by Title VII or Title IX, by complaining of perceived sex discrimination;  and

*Second*, Defendant would have renewed Plaintiff's annual employment contract but for Plaintiff having engaged in protected conduct.  In other words, Defendant would have renewed Plaintiff's annual employment contract in the absence of Plaintiff engaging in protected conduct.

Title VII and Title IX protect an employee's right to oppose sex discrimination. An employee's right to oppose unlawful employment practices must be balanced against the employer's need to have a stable and productive work environment.  Protected conduct broadly includes the many ways in which an individual may communicate explicitly or implicitly opposition to perceived employment discrimination. To be protected, the manner of opposition must be reasonable and must be based on a reasonable, good faith belief that the conduct opposed is, or could become, unlawful.

INSTRUCTION NO. 7.

The dispositive fact you must decide, on Plaintiff's sex discrimination claim, is whether Plaintiff has proven by a preponderance of the evidence that Plaintiff's sex was a motivating or determining factor in Defendant's decisions to take a tangible employment action against Plaintiff.

The dispositive fact you must decide on Plaintiff's retaliation claim is whether Plaintiff has proven by a preponderance of the evidence that Defendant would have renewed Plaintiff's employment contract were it not for Plaintiff's reasonable opposition to unlawful employment practices.

INSTRUCTION NO.  8.

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether Defendant's stated reason for its actions was a pretext for discrimination or retaliation, you may not question Defendant's business judgment. Pretext is not established just because you disagree with the business judgment of Defendant, unless you find that Defendant's reason was a pretext for discrimination or retaliation.

A plaintiff shows pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's stated reasons for its action that you could rationally find them unworthy of belief and hence infer that the Defendant did not act for the asserted nondiscriminatory reasons.

INSTRUCTION NO.  9.

If you find Defendant discriminated against Plaintiff based on her sex or retaliated against Plaintiff because of her participation in opposition to an unlawful employment practice, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award damages only for injuries Plaintiff Cindy Louthan, Ed. D. proves were caused by Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

BACK PAY DAMAGES

Back pay refers to wages and benefits lost from the date of the wrongful act until the date of the verdict. You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits during that period, taking into consideration any increases in salary and benefits, including pension, Plaintiff would have received had Plaintiff not been discriminated against. You must reduce any award by the amount of expenses Plaintiff would have incurred in making those earnings, and by wages gained from other employment in the interim period.

COMPENSATORY DAMAGES

You may award damages for any pain, suffering, or mental anguish that Plaintiff experienced as a consequence of Defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

NOMINAL DAMAGES

If you find in favor of Plaintiff, but you find Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

In determining the amount of any damages you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

INSTRUCTION NO.  10.

An injury or damage is caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

INSTRUCTION NO.  11.

Plaintiff claims the acts of Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle her to an award of punitive damages in addition to compensatory damages. "Malice or reckless indifference" means to act with an evil motive or in the face of a perceived risk that the employer's action will violate federal law.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Plaintiff and then further find from a preponderance of the evidence:

*First*: That a management official of Defendant Newman University, Inc. personally acted with malice or reckless indifference to Plaintiff's federally protected rights, and

*Second*: That Defendant itself had not acted in a good faith attempt to comply with the law by adopting, and making good faith efforts to enforce, policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against Defendant, you may consider the financial resources of Defendant Newman University, Inc. in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1.      The impact or severity of Defendant's conduct.

2.      The amount of time Defendant conducted itself in this manner.

3.      The amount of compensatory damages.

4.      The potential profits Defendant may have made from Defendant's conduct.

5.      The attitudes and actions of Defendant's top management after the misconduct was discovered.

6.      The effect of the damages award on Defendant's financial condition.

INSTRUCTION NO. 12.

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO.  13.

Although you must consider all the evidence, you are not required to accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness's relationship to Plaintiff or Defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; the extent to which the witness has been supported or contradicted by other credible evidence; and evidence that on some former occasion the witness testified or acted in a manner inconsistent with the testimony the witness gave in this case.  You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection--like failure of recollection--is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.   I caution you, however, that the process of drawing inferences from the evidence is not a matter of guesswork or speculation.

INSTRUCTION NO.  14.

During the trial I questioned witnesses and passed upon objections to the admission of certain testimony or things into evidence.  Questions relating to the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for my rulings.  In your consideration of the case you must draw no inferences from my rulings and you must consider only the evidence which has been admitted into evidence.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action or remark that I have made during the course of this trial have I intended to express any opinion or suggestion as to how I would resolve any of the issues of this case.  If I have made any ruling, action or remark that you believe indicates how I would decide this case, I instruct you to disregard it.

INSTRUCTION NO.  15.

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO. <u>16.</u>

During the trial, testimony has been read to you by way of deposition, consisting of sworn recorded answers asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath, in the form of a deposition. That testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO.  17.


During your deliberations, you may refer, if you wish, to any notes you took during the trial.  Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO.  18.

You are judges of the facts and it is your duty to determine the facts.  In so doing you must consider only the evidence I have admitted.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls.

INSTRUCTION NO. <u>19.</u>

A final suggestion by the court--not technically an instruction upon the law--may assist your deliberations.  The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict.  The reason is obvious:  we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice.  This presupposes and requires deliberation--counseling together in an effort to agree.  Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties.  You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced.  No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. _20._

During your deliberations, that is when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from the admonition.

INSTRUCTION NO. *21.*

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges--judges of the facts.

INSTRUCTION NO.  22.


Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson and pass the note to my law clerk, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.



JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE